NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 10-1301

DYNA MITTE

VERSUS

PROGRESSIVE SECURITY INS. CO.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20060803
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Bennett Boyd Anderson, Jr.
Anderson & Dozier
P. O. Box 82008
Lafayette, LA 70598-2008
(337) 233-3366
Counsel for Plaintiff/Appellant:
Dyna Mitte

**Ian Alexander Macdonald**
**Jones Walker**
**P. O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 262-9000**
**Counsel for Defendant/Appellee:**
**Progressive Security Ins. Co.**

**EZELL, Judge.**

Dyna Mitte appeals the decision of a jury finding that her uninsured motorist insurer, Progressive Security Insurance Company, was not arbitrary and capricious in failing to tender claims to her arising from an auto accident. For the following reasons, we hereby affirm the decisions of the jury and trial court.

This suit arises from an April 20, 2004 auto accident in which Ms. Mitte was struck by an underinsured driver and severely injured. Ms. Mitte had UM insurance through Progressive. Progressive made pre-trial tenders to Ms. Mitte in the amount of $393,624. She had already received $32,000 from the other driver's insurance company. Ms. Mitte filed suit seeking penalties and attorney fees for what she alleges were inadequate and untimely tenders. Liability and coverage were not contested at trial. At the conclusion of trial, a jury found that the tenders made by Progressive were not adequate and awarded Ms. Mitte over $1.6 million dollars. However, the jury found that Progressive was not arbitrary or capricious in its handling of Ms. Mitte's claim and refused to award her penalties and attorney fees. Progressive did not appeal the jury's determination and paid the remainder of its policy limits. Ms. Mitte, however, appeals.

On appeal, Ms. Mitte asserts three assignments of error. She claims the jury erred in finding that Progressive was not arbitrary or capricious in its tenders to her; that the trial court erred in failing to grant her motions for judgment notwithstanding the verdict and/or for new trial; and that the trial court was in error in allowing certain testimony from the Progressive claims adjuster handling her claim.

Ms. Mitte first claims the jury erred in failing to find Progressive arbitrary or capricious in its payment of tenders for her claim. In *Guillory v. Lee*, 09-75, pp. 30-32 (La. 6/26/09), 16 So.3d 1104, 1126-27, the supreme court discussed claims for penalties and attorney fees arising from disputed tenders from insurance

companies, stating (case citations omitted) (footnote omitted) (alteration in original):

> In order to establish a cause of action for penalties and/or attorney fees and costs under La. R.S. 22:658, a claimant must show that (1) an insurer has received satisfactory proof of loss, (2) the insurer failed to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause. La. R.S. 22:658. Similarly, La. R.S. 22:1220 provides that an insurer owes to his insured a duty of good faith and fair dealing, which includes an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. An insurer who breaches those duties is liable for damages sustained as a result of that breach. The statute further provides that a breach includes "[f]ailing to pay the amount of any claim due any person insured by the contract within sixty (60) days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." La. R.S. 22:1220.
>
> With regard to what constitutes "arbitrary, capricious, or without probable cause," this court has held that the phrase is synonymous with "vexatious." Furthermore, a "vexatious refusal to pay" means "unjustified, without reasonable or probable cause or excuse." Both phrases describe an insurer whose willful refusal of a claim is not based on a good-faith defense.
>
> This court has also stated that penalties should be imposed only when the facts "negate probable cause for nonpayment." Moreover, whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action, and this court has declined to assess penalties "when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." More specifically, not only are the statutory penalties inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense, especially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubt exists. An insurer who does not tender unconditionally a reasonable payment, a figure over which reasonable minds could not differ, will be subject to penalties and attorney's fees. Finally, the question of arbitrary and capricious behavior is essentially a factual issue, and the trial court's finding should not be disturbed on appeal absent manifest error.

Ms. Mitte claims that because the jury awarded a large amount compared to the tenders made by Progressive, its actions were necessarily arbitrary or capricious. However, Progressive did not need to meet some percentage of the total claim awarded her to avoid penalties and attorney fees. Rather, Progressive needed to tender only a figure over which reasonable minds could not differ.

Progressive's adjuster, William George, testified thoroughly about his handling of the claim. He noted Ms. Mitte initially claimed that she was not seeking lost earning capacity and her extensive travel with her actor son as reasons for not tendering payment for any loss of earning capacity. The record reflected the fact that Ms. Mitte spent four to six months a year in New Mexico and another four to six months a year in Los Angeles with her son. Moreover, Ms. Mitte's vocational rehabilitation specialists limited her to sedentary desk-type work, much like she had done prior to the accident, meaning her earning capacity could have been found by a jury to have not dropped. Likewise, Mr. George expressed Progressive's doubt as to whether a gastric bypass surgery performed upon Ms. Mitte was required as a result of the accident. The jury clearly chose to give significant weight to the testimony of Mr. George and found these doubts to be reasonable. The jury concluded that Progressive undervalued Ms. Mitte's general damages by a fairly large extent. However, after hearing all the evidence presented at trial, the jury was unanimous in its finding that Progressive was not arbitrary or capricious in its handling of Ms. Mitte's claim. There is a reasonable factual basis for this finding evident in the record. Therefore, that determination cannot be found to be manifestly erroneous.

As her second assignment of error, Ms. Mitte claims that the trial court erred in denying her motions for judgment notwithstanding the verdict and new trial. Under Louisiana Code of Civil Procedure Article 1811,

[A] JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the trial court believes that reasonable persons could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable persons could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. The motion should be denied if there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions. In making this determination, the trial court should not evaluate the credibility of the witnesses, and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.

*Joseph v. Broussard Rice Mill, Inc.,* 00-0628, pp. 4-5 (La.10/30/00), 772 So.2d 94, 99 (internal citations omitted). Upon review, the appellate court must determine whether the trial court was clearly wrong in granting or denying a motion for JNOV. *Holt v. Cannon Express Corp.*, 31,271 (La.App. 2 Cir. 12/11/98), 722 So.2d 433, *writ denied*, 99-104 (La. 4/23/99), 742 So.2d 881.

Louisiana Code of Civil Procedure Article 1972(1) provides that a new trial shall be granted "[w]hen the verdict or judgment appears clearly contrary to the law and the evidence." However, "[t]he jurisprudence recognizes the trial judge's great discretion in deciding a motion for new trial and, on appeal, the appellate court is limited to a determination of whether a trial judge abused his 'much discretion' in granting or denying a new trial." *In re New Orleans Train Car Leakage Fire Litigation*, 00-1919, p. 6 (La.App. 4 Cir. 4/20/05), 903 So.2d 9, 15, writ denied, 05-1297 (La. 2/3/06), 903 So.2d 9 (citing *Zatarain v. WDSU-Television*, 95-2600 (La.App. 4 Cir. 4/24/96), 673 So.2d 1181).

Ms. Mitte's argument that the jury's verdict was contrary to the law and evidence is rendered moot by our above finding that the jury's verdict is based upon a reasonable interpretation of the evidence in the record. It cannot, therefore, be said the trial court was clearly erroneous in failing to grant Ms. Mitte a JNOV. Nor did the trial court abuse its discretion in denying her motion for new trial.

However, Ms. Mitte further argues that the trial court erred in not accepting Progressive's failure to pay its remaining policy limits until eighty-one days after the jury rendered its verdict as new evidence of Progressive's alleged arbitrary refusal to tender payment. Louisiana Code of Civil Procedure Article 1972(2) also allows a new trial to be granted "[w]hen the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial."

Ms. Mitte conveniently ignores the fact that the judgment was not recorded at the time the jury rendered its verdict, nor was notice of the judgment mailed until some forty-eight days after the jury reached its decision. Notice of judgment was recorded on May 12, 2010. Progressive had seven days in which it could have filed a motion for new trial starting May 13 and ending on the 21st. La.Code Civ.P. art. 1974. Progressive had thirty days from May 21, 2010, to file a motion for suspensive appeal. La.Code Civ.P. art. 2123. Progressive did not appeal, and instead paid its remaining policy limits on June 14, 2010. Progressive clearly paid its outstanding obligation within the time limitations placed upon it to suspensively appeal the jury's decision. Ms. Mitte's position would effectively eliminate Progressive's right to appeal any verdict against it, or else it would be deemed arbitrary in failing to tender its remaining policy limits. This position is unsupported by statute, jurisprudence, or logic. Progressive's actions following trial were in no way new evidence of arbitrary or capricious behavior in handling Ms. Mitte's claim. This argument is utterly devoid of merit.

As her final assignment of error, Ms. Mitte claims that the trial court committed legal error "when the trial court failed to preclude [Mr. George] from stating legal opinions" she alleges were contrary to Louisiana law. Mainly, she alleges the jury was confused as to the law concerning interest payments and post-suit tenders. However, the testimony she asserts as confusing

to the jury clearly shows that the trial court sustained the objections raised by Ms. Mitte, instructed the jury that the adjuster was not an expert, and immediately instructed the jury that the trial court alone would provide the law to be applied to the case. Ms. Mitte has not challenged the jury instruction issued by the trial court at trial below or on appeal, as it was in line with her views of the applicable law. There is no evidence of even a harmless error on the part of the trial court concerning this testimony. Ms. Mitte simply believes that the adjuster's view of the law was taken and used by the jury, rather than the law set forth by the trial court, because the jury found that Progressive was not arbitrary or capricious in its behavior. We are unable to find that the sequence of events surrounding the challenged testimony justifies a reversal of the finding made by the jury.

For the above reasons, the rulings of the trial court below are hereby affirmed. Costs of this appeal are assessed against Dyna Mitte.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rules 2-16.3